United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10658
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD FURLOW,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-45-ALL
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Furlow was convicted pursuant to a guilty plea on three counts of fraud-related offenses. He was sentenced to three concurrent terms of imprisonment of 51 months, to be followed by three concurrent three-year terms of supervised release. Furlow now appeals the sentence imposed by the district court upon revocation of his supervised release. Furlow argues that, in light of United States v. Booker, 543 U.S. 220 (2005), the district court erred in imposing an unreasonable sentence of imprisonment and an additional term of supervised release.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Furlow argues that the district court failed to consider the factors listed in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3583(e).  However, Furlow admitted to the court that he was an addict and that he had mental health issues, and defense counsel requested a term of imprisonment so that Furlow could complete the prison drug treatment program.  Moreover, Furlow began abusing drugs shortly after being released to supervision, and he admitted that his attempts at self-treatment of his mental health issues had been unsuccessful.  See § 3553(a)(1) & (2)(D).

The sentence imposed upon revocation of Furlow's supervised release did not exceed the statutory maximum term of imprisonment that the district court could have imposed.  See § 3583(e)(3).  Furthermore, the district court noted in its written order that it had considered all of the factors set forth in § 3553(a) in determining Furlow's sentence.  In light of Furlow's admissions at the revocation hearing and defense counsel's agreement that Furlow needed help, the sentence imposed by the district court was neither "unreasonable" nor "plainly unreasonable."  See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).  The judgment of the district court is therefore AFFIRMED.